IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

Daniel Angel Rodriguez,       )
                                     )     C.A. No. 1:23-1893-HMH-SVH
             Petitioner,   )
                                     )
     vs.                         )     **OPINION & ORDER**
                                     )
Warden Janson,             )
                                     )
             Respondent.   )

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina.[1] Petitioner Daniel Angel Rodriguez, ("Rodriguez"), a federal prisoner proceeding pro se, filed this action seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In her Report and Recommendation filed on May 9, 2023, Magistrate Judge Hodges recommends dismissing the Petition without prejudice and without requiring Respondent to file a return because Rodriguez has failed to show that 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his sentence. (R&R, generally, ECF No. 6.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Rodriguez filed timely objections to the Report and Recommendation.[2] (Obj., generally, ECF No. 14.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Rodriguez's objections are largely non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Rodriguez objects that 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of his sentence because "he is being held pursuant to the erroneous application of and interpretation of relevant law." (Objs. 7, ECF No. 14.)

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). However, Rodriguez has not shown that subsequent to his direct appeal of his conviction and sentence and his first § 2255 motion, the settled substantive law changed and was deemed to apply retroactively on collateral review. Thus, Rodriguez's objections are without merit. Based on the foregoing, the court adopts

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

Magistrate Judge Hodges' Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the Petition is dismissed without prejudice and without requiring

Respondent to file a return.  It is further

**ORDERED** that a certificate of appealability is denied because Rodriguez has failed to

make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).[3]

**IT IS SO ORDERED.**


                                        s/Henry M. Herlong, Jr.
                                        Senior United States District Judge

Greenville, South Carolina
June 28, 2023


### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within sixty (60)

days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate

Procedure.

_____

[3] District courts must issue certificates of appealability when entering "a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases.  These rules may be applied to other types of habeas corpus petitions.  Rule 1(b), Rules Governing § 2254 Cases.